**FIRST INTERSTATE BANK OF DENVER, N.A., Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

**Civ. No. 87–K–929.**

United States District Court, D. Colorado.

Oct. 13, 1987.

James C. Underhill, Jr., Sterling & Miller, Denver, Colo., for plaintiff.

Kristine D. Hogan, Federal Deposit Ins. Corp., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This matter is before me on defendant's, the Federal Deposit Insurance Corporation ("FDIC"), motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the F.R.C.P. Defendant's motion is based upon the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted. Plaintiff alleges a wide assortment of claims for relief, seven in all. The common thread in Plaintiff's claims is that relief is sought against the FDIC in its capacity as receiver. The operative standard for dismissing a claim is whether plaintiff can "prove no set of facts [beyond a doubt] in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### I.

#### *Background*

Plaintiff First Interstate Bank of Denver, N.A., ("First Interstate"), wishes to

recover funds it paid to the Federal Reserve Bank of Kansas City ("Federal Reserve") on behalf of the Security Bank of Glenrock, Glenrock, Wyoming ("Glenrock"). The culminating event giving rise to this action occurred on June 6, 1986 when Glenrock went into receivership.[1] On that date, Glenrock was closed by the Wyoming State Banking Commission and the FDIC assumed the role of receiver. Before going into receivership, Glenrock and First Interstate executed an Auto-Charge Agreement and filed it with the Federal Reserve. Pursuant to this agreement, Glenrock was authorized to make automatic charges against a correspondent bank account with First Interstate. As the correspondent bank, First Interstate would make payments to the Federal Reserve to cover Auto-Charges owed by Glenrock. *See* Motion to Dismiss at ¶ 6.

The Complaint alleges that on June 6, 1986, First Interstate telephoned Glenrock. The purpose of the call was to determine whether Glenrock would wire funds to cover a possible $72,634.61 overdraft that would result if First Interstate approved a payment to the Federal Reserve Auto-Charge account. Plaintiff gave approval for the payment based upon assurances from Glenrock. *See* Complaint at ¶ 23. Plaintiff is suing the FDIC in its capacity as corporate insuror of bank deposits as well as its capacity as state appointed receiver of Glenrock. First Interstate's claim is in the amount of $31,904.64 which is the remaining ledger balance allegedly owed to it by Glenrock.

## II.

### *Jurisdiction*

The key question of law before me is whether I have subject matter jurisdiction over this action.

The jurisdictional issue is governed by 12 U.S.C. § 1819 (Fourth) which sets forth

FDIC's power to sue or be sued. Section 1819 (Fourth) provides in pertinent part:

"All suits of a civil nature at common law or in equity to which the Corporation shall be a party deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, ... *except* that any such suit to which the Corporation is a party *in its capacity as receiver of a State bank* and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law *shall not be deemed to arise under the laws of the United States.*" (Emphasis added.)

Plaintiff argues 12 U.S.C. § 1819 (Fourth) grants federal courts original jurisdiction over FDIC in its capacity as corporate insuror. The rationale is that claims of this nature arise under the laws of the United States, thus creating a federal question. Moreover, plaintiff requests I exercise pendent jurisdiction over the claims against defendant in its capacity as state appointed receiver.

Defendant contends this action fall within the exception clause in 12 U.S.C. § 1819, making state court the statutorily mandated forum. Thus, they argue jurisdiction is proper in the Eighth Judicial District Court of the State of Wyoming, where this action was originally filed. Authority is conferred on that court by virtue of Wyoming Statutes 1977, Sections 13-4-401 *et seq.* Specifically, the Wyoming state court has jurisdiction over FDIC as receiver of Glenrock pursuant to 13-4-401 *et seq.* Defendant further argues 12 U.S.C. § 1819 precludes me from entertaining plaintiff's claims and instead explicitly provides an exception to jurisdiction over the FDIC in its capacity as receiver.

Although case law clearly supports congressional authorization for the FDIC to act in the dual capacities of a federal insurer and a state receiver. *Freeling v. Sebr-*

---

1. The specific timing of FDIC's appointment as receiver is in dispute. Plaintiff avers the FDIC was serving as receiver for Glenrock when Ms. Donna Brand of First Interstate telephoned Ms. Colleen Bolte, a Glenrock cashier, sometime around 10:00 a.m. on the morning of June 6,

1986. Defendants, on the other hand, allege that the FDIC did not become receiver until 4:00 p.m. of the same day. Notwithstanding this dispute, the FDIC is being sued *in its capacity as receiver* and this as opposed to the actual time of appointment is the controlling factor.

*ing,* 296 F.2d 244, 245 (10th Cir.1961), in construing the statute, the Tenth Circuit in *Freeling* noted Congress had "discerningly provided for federal jurisdiction of claims against it as a federal insurer, while denying federal jurisdiction over claims arising out of its activities as a state agent. 296 F.2d at 245.

Accordingly if the FDIC is being sued in its receivership capacity I cannot exercise jurisdiction. The only tenable basis for jurisdiction over the FDIC is in its role as federal insuror. *Id.* at 246. Since it is not being sued primarily as a federal insuror, I have no jurisdiction. Moreover, the jurisdictional statute is clear on its face and expressly provides suits between a creditor and the FDIC as receiver, "shall not be deemed to arise under the laws of the United States." 12 U.S.C. § 1819 (Fourth).

Taking the facts as alleged, the first, second, third, fifth and seventh claims fall squarely within the exception to federal jurisdiction and not the general rule. Thus, 12 U.S.C. § 1819 (Fourth) provides no basis for me to exercise subject matter jurisdiction. The complaint alleges without reservation the FDIC is being sued in its capacity as receiver. *See* Complaint ¶ 2. Insofar as the remaining claims are concerned, elements of the fourth claim which depend upon FDIC's status as receiver and fiduciary are dismissed. The parts of the fourth claim for relief, not involving state law claims, remain. The sixth claim also stays, but, the complaint should be amended to include only those claims against the FDIC as corporate insurer.

### III.

#### *Pendent Jurisdiction*

Plaintiff contends federal court is the appropriate forum for its claim against FDIC as receiver. First Interstate seeks to justify this position on two grounds. First, these claims arise from a common nucleus of operative facts. Second, the need for judicial economy.

Federal courts may hear state law claims under the doctrine of pendent jurisdiction. *See United Mine Workers v. Gibbs,* 383

U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). My authority to entertain state law claims depends on the presence of federal claims with "substance sufficient to confer subject matter jurisdiction on the court." *Id.* at 725, 86 S.Ct. at 1138. While not all of plaintiff's claims have been dismissed, the parts of those that remain do not meet this threshold. Moreover, as Chief Judge Finesilver recently pointed out "considerations of judicial economy underlying pendent jurisdiction are substantially weakened when the federal claims are dismissed before trial." *United States v. Tynan,* No. 80–F–400, slip op. at 14 (D.Colo. Sept. 29, 1987). Therefore, with only piecemeal federal claims remaining it makes little sense to grant jurisdiction to what in actuality is a matter for the state court.

Accordingly, it is ORDERED that plaintiff's claims against the FDIC as receiver are dismissed without prejudice.